# Orman *et al. v.* Lane, Trustee.

*Bill in Equity by Trustee in Bankruptcy to set aside
Conveyance by Bankrupt upon ground of Fraud.*

1. *Chancery pleading; sufficiency of plea setting up pendency of
   another suit.*—The pendency of a previously instituted suit,
   is a good ground for the abatement of another suit between
   the same parties and upon the same cause of action, with-
   out regard as to whether the prior suit is capable of being
   made effectual by the plaintiff or complainant in said suit
   by being able to recover; and where the forum of the first ac-
   tion is competent to proceed to a final and valid judgment,
   if the defendant consent to its so proceeding, and said former
   suit is still pending between the same parties for the same
   cause of action as presented in the subsequent suit, the plea
   in abatement should be sustained.

2. *Same; same.*—Where a suit is brought in a court, which, by the
   express terms of the statute, could proceed to final and valid
   judgment with the consent of the respondents, and to the
   bill filed a demurrer is interposed, and upon being overruled
   an appeal is taken, a plea setting up the pendency of this
   suit as a ground for the abatement of a subsequent suit
   brought in a different forum but between the same parties
   and in reference to the same cause of action, is a sufficient
   plea of abatement and should be sustained.

APPEAL from the Chancery Court of Franklin.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed on August 31, 1901, by
the appellee, Charles P. Lane, as trustee in bankruptcy
of the estate of William A. Orman, who had been de-
clared a bankrupt, against the said William A. Orman,
Kate W. Orman and Morris Adler and other named de-
fendants. It was averred in the bill that William A.
Orman had been duly and regularly declared a bank-
rupt, and Charles P. Lane was named and qualified as
the trustee of his estate, and in the schedule of his prop-
erty, owned by him, in said bankruptcy proceedings, he
had included no property or assets, while as a matter

20

of fact he, at that time, owned an undivided one-half interest in a valuable leasehold estate; that subsequent to the time that he was declared bankrupt the said William A. Orman and his co-tenant in the leasehold estate conveyed and transferred said leasehold estate to the defendant Morris Adler for the valuable consideration of, to-wit, $75,000; that at the time of this transfer and sale of the leasehold estate to Morris Adler, the said Adler knew that William A. Orman was a bankrupt; that the sale and transfer by William A. Orman of his undivided interest in the leasehold estate purported to have been owned and conveyed to Adler by Kate W. Orman, the wife of William A. Orman; that the conveyance and sale of said leasehold estate was made in this way for the purpose of hindering and defrauding the creditors of said William A. Orman and of complainant, as trustee in bankruptcy, and that this purpose and intention was participated in by said Morris Adler. It was then averred in the bill that with the money thus obtained by W. A. Orman from the sale of the leasehold estate, he had purchased other properties, which were valuable and which should be subjected to the payment of his creditors; that in each of these conveyances the said W. A. Orman had the property conveyed in the deed executed to his wife, Kate W. Orman, for the purpose of defrauding his creditors; that said W. A. Orman purchased other properties, in which he had the title to the conveyance made to one John T. Orman, trustee; that each of the conveyances of said property referred to in the bill was made for the benefit of W. A. Orman, and was purchased with his money. It was further averred in the bill that there was other property owned by W. A. Orman, all title to which purported to be in his wife, while as a matter of fact it belonged to him and was subject to the payment of his creditors. It was then averred that all of the property so purchased by Orman enured by reason of the bankruptcy proceedings, to the complainant as trustee, and he was entitled to be invested with the title to all of said property.

The prayer of the bill was that a transfer and sale

of W. A. Orman's undivided one-half interest in the leasehold estate to Morris Adler be set aside and annulled as a fraud upon Orman's creditors, and that the title to said one-half interest in the leasehold estate be invested in the complainant as trustee in bankruptcy; and that the title to all the property alleged to have been purchased by Orman, but which was deeded to his wife and other persons, be declared to invest in the complainant as trustee in bankruptcy. To this bill each of the defendants filed a plea, which was as follows: "That a term of the district court of the United States for the Northern Division of the Northern District of Alabama, which was held at Huntsville, Alabama, in the year 1900, at the spring term thereof, the said plaintiff, Chas. P. Lane, trustee of W. A. Orman, exhibited his bill of complaint in that honorable court against this defendant and the said Kate W. Orman and Morris Adler for an account of the monyes raised by the sale of the properties mentioned in the bill exhibited in this honorable court, and alleged to have been sold by defendant and his wife, Kate W. Orman, to Morris Adler as alleged in the bill to which this plea is interposed, and claiming such share and proportion thereof and such rights against the same as he now claims by his present bill, and praying relief against this defendant in the same manner and for the same matters and to the same effect as the said plaintiff now claims and prays by his bill in this honorable court; and this defendant appeared and demurred to the jurisdiction of the said court and his said demurrer was by the court overruled, from which order overruling this defendant's demurrer this defendant appealed to the honorable Circuit Court of Appeals of the United States for the Fifth Circuit, and said appeal is still pending and is undetermined, and is of record in said Circuit Court of Appeals of the United States for the Fifth Circuit, undetermined and undismissed, all which matters and things this defendant doth aver, and pleads the former suit in bar of the said plaintiff's present bill and humbly demands the judgment of this honorable court whether he shall be put to make any further or other answer thereto, and prays to be hence dismissed

with his costs in this behalf sustained."

On the submission of the cause upon the sufficiency of these several pleas, the chancellor rendered the following decree: "Upon consideration the court is of the opinion that, under the bankruptcy act of July 1st, 1898, the United States Circuit Court has no jurisdiction to entertain a bill to annul the bankrupt's fraudulent conveyance of property, and said court being without jurisdiction, the pendency there of a suit involving the subject matter of this suit is no bar to this action. It is, therefore, ordered, adjudged and decreed that said pleas filed by the several defendants are no defense to this suit, and are overruled."

From this decree the defendants appeal, and assign its rendition as error.

A. Latady, for appellant, cited *Coaldale Brick & Tile Co. v. Construction Co.,* 110 Ala. 605; *Foster v. Napier,* 73 Ala. 595.

William H. Key, Harris & Eyster and Cooper & Foster, *contra,* cited *Coaldale Co. v. Southern Con. Co.,* 110 Ala. 605; *Road v. Eslava,* 17 Ala. 430; *Hall v. Wallace,* 25 Ala. 438; 1 Ency. Plead. & Prac., 771, 772.

McCLELLAN, C. J.—The considerations which underlie the doctrine that the pendency of a previously instituted suit is good ground for abatement of another suit between the same parties and upon the same cause of action take no account of the puissance of, or the want of it in the former action. As was said in *Foster v. Napier,* 73 Ala. 603: "It is the pendency of two suits for the same cause, their *existence simul et semel,* the law deems vexatious, and discountenances. * * * * Whether the prior suit is capable of being made effectual, is, in the second suit, a collateral and incidental inquiry; however it may be then decided, the defendant is not by its decision relieved from its burdens. There is a continuing necessity that he should remain before the court, prepared to make defense against it. These are, in our judgment, the evils against which the

principle is directed." And these principles are as pertinent and controlling where the infirmity of the prior suit lies in the want of personal jurisdiction of the court in which it is pending as in any other case. Of course, if the court in which the former suit is pending has no jurisdiction of the subject-matter so that any judgment it might render would be a nullity, the pendency of that wholly abortive action would afford no ground for the abatement of a suit subsequently instituted in a competent tribunal. But where the forum of the first action is competent to proceed to a final and valid judgment if the defendant consent to its so proceeding, we apprehend that a defendant served with process and not appearing, or appearing and not objecting to the jurisdiction, would be holden to have so consented. Hence, in such case, the defendant would be under the necessity and be put to the vexation and harassment of making and sustaining to the end of the suit his attitude of objecting to its prosecution against him by appropriate pleadings.

Applying these considerations to the case at bar, the conclusion must be that the pleas of certain of the defendants should have been adjudged sufficient by the chancellor. They set up the pendency of a former suit by this complainant against them for the same cause of action presented in this suit. That suit was brought in a court which by the express terms of the statute could proceed to final and valid judgment with the consent of the respondents.—*Bardes v. Hawarden Bank*, 178 U. S. 524. The true pleas also showed that they had not consented, but to the contrary had interposed a demurrer to the former bill, challenging the jurisdiction of the court; but they further showed that this demurrer had been overruled, and the demurrants had been by that judgment driven to an appeal to the United States Circuit Court of Appeals, and that the cause at time of pleas pleaded was pending in that court on that appeal. The burden of prosecuting that appeal is still upon the respondents, for if they abandon it, there will be a dismissal; and in that event they would have to make further defense in the district court, or, failing

to plead over, be taken to have consented to the juris-
diction of that court.

The decree of the chancellor must be reversed, and a
decree will be here rendered sustaining the sufficiency
of the pleas.

Reversed and rendered.