This is an appeal from a judgment adverse to the plaintiff, William Douglas Terrell, by the Circuit Court of Jefferson County, Bessemer Division. The trial court judge granted defendants' motions to dismiss pursuant to Rule 12 (b)(6), A.R.C.P. Defendants moved for dismissal on the ground that plaintiff had pending prior actions arising out of the same facts in the United States District Court for the Northern District of Alabama. Plaintiff's pending federal district court actions, defendants contend, violate Code 1975, § 6-5-440, which provides that a plaintiff may not split his cause of action against a defendant. The parties are in agreement that the same facts give rise to both the state and federal actions commenced by the plaintiff
The dispositive issue in this appeal is whether the existence of prior pending actions in United States District Court for an alleged violation of federal law, bars subsequent common law tort actions instituted against the same defendants in state court, when the United States District Court has declined to entertain pendent jurisdiction over plaintiff's common law tort claims
In his complaint, plaintiff alleged that while he was a patron in a restaurant, he suffered seizures and convulsions which caused him to fall violently to the floor. Plaintiff further alleged that the officers of the Bessemer police department and Hank's Ambulance Service failed to recognize his medical condition. Terrell complained that he was wrongfully arrested for public intoxication and placed in the drunk tank at the Bessemer city jail, where he remained unconscious and comatose for seven or eight hours. Plaintiff claimed to have suffered a blood clot on his brain, and subsequent brain damage, as the result of not having prompt medical attention
Terrell brought an action against defendants in the United States District Court for the Northern District of Alabama under 42 U.S.C. § 1983, claiming that by individual action and conspiracy defendants subjected him to cruel and unusual punishment in violation of the 8th and 14th Amendments to the United States Constitution. Plaintiff also pleaded common law counts for negligence, wantonness, false arrest, false imprisonment, and breach of implied contract against defendants. Upon defendants' motions, the United States District Court dismissed plaintiff's common law counts, declining to entertain pendent jurisdiction over them on the basis that the different legal principles and possible defenses involved in the federal and common law counts would create jury confusion. Thereafter, Terrell brought action in state court for his common law theories of recovery
In state court, defendants moved to dismiss Terrell's complaint on the ground that plaintiff's prior pending action in the United States District Court violated Code 1975, §6-5-440. The trial judge granted defendants' motions
We note at the outset that Code 1975, § 6-5-440, states:
 No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the *Page 339 
former is a good defense to the latter if commenced at different times
We have previously held that the term "courts of this state" includes the United States District Courts in Alabama. Fegarov. South Central Bell, 287 Ala. 407, 252 So.2d 66 (1971);Interstate Chemical Corporation v. Home Guano Co., 199 Ala. 583,75 So. 166 (1917); Orman v. Lane, 130 Ala. 305, 30 So. 441
(1901). Thus, plaintiff is prosecuting two actions against the same parties in the courts of this state. On this point, there can be no dispute
The parties, however, vigorously dispute the meaning of "cause of action." The dispute is understandable. The meaning of "cause of action" changes with the context in which it is used. Parker v. Fies Sons, 243 Ala. 348, 10 So.2d 13 (1942); 1 Am.Jur.2d Actions § 1 (1962). We believe that defendants are correct in their contention that plaintiff has but one cause of action. In Sessions v. Jack Cole Co., 276 Ala. 10 at 12,158 So.2d 652 at 654 (1963), this court, quoting with approval fromChappell v. Boykin, 41 Ala. App. 137, 140, 127 So.2d 636, 638
(1960), cert. denied 271 Ala. 697, 127 So.2d 641 (1961), interpreting the rule against splitting one's cause of action, observed that "a `cause of action' grows out of the wrongful act, and not the various forms of damages that may flow from the single wrongful act." This court stated also that application of this rule is guided by "whether a judgment in one suit would be res judicata of the other." Sessions,276 Ala. at 12, 158 So.2d at 654
Plaintiff's state and federal actions arise from the same alleged fact situation. Although plaintiff's state court action was instituted on different theories of recovery, these theories are not different causes of action in the context of the rule against splitting a cause of action. A cause of action may give rise to one more theories of recovery. It has been recognized that where a single wrong leads to an action under state law and leads to an action under federal law, there is but one wrong and one cause of action. Norman Tobacco CandyCo. v. Gillette Safety Razor Co., 295 F.2d 362 (5th Cir. 1961)
However, we believe that plaintiff should be allowed to pursue his common law theories of recovery in state court. The prohibition against splitting a cause of action is for the purpose of avoiding vexatious litigation and a multiplicity of lawsuits. Johnson v. Brown-Service Insurance Co., 293 Ala. 549,307 So.2d 518 (1974); Baggett v. Allen, 276 Ala. 423,163 So.2d 209 (1964); Sessions v. Jack Cole Co., supra. It is the opinion of this court that the case at bar necessitates an exception to this rule
Decisions involving the applicability of res judicata
frequently state that a prior action is a bar to issues that were litigated, or could have been litigated. Educators'Investment Corp. of Alabama v. Autrey, 383 So.2d 536 (Ala 1980); Wheeler v. First Alabama Bank of Birmingham,364 So.2d 1190 (Ala. 1978); McGruder v. B L Construction Co.,331 So.2d 257 (Ala. 1976); Gulf American Fire and Casualty Co. vJohnson, 282 Ala. 73, 209 So.2d 212 (1968); Reid v. SingerSewing Machine Co., 218 Ala. 498, 119 So. 229 (1928). It is clear that Terrell could not have litigated his common law theories in the United States District Court. Although he attempted to do so, that court declined to entertain pendent jurisdiction over plaintiff's common law counts. Thus, we cannot say that Terrell could have litigated his common law theories. The plaintiff, under the facts of this appeal, should be afforded an opportunity to pursue his alleged common law theories of recovery in state court
In Century 21 Preferred Properties, Inc. v. Alabama RealEstate Commission, 401 So.2d 764 (Ala. 1981), we noted an exception to the doctrine of res judicata in situations where a federal court declines to entertain a claim based on state law On this point, the American Law Institute has said:
 A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents *Page 340 
only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded. [Restatement (Second) of Judgments, Explanatory Notes § 61.1, comment e at 160 (Tent. Draft No. 5, 1978)]
The above cited comment, in our opinion, states the preferable rule, and we hereby adopt it by our decision today
Defendants correctly argue that plaintiff could have avoided the instant splitting of his cause of action by having brought his claims under 42 U.S.C. § 1983, along with his common law theories of recovery, in state court. Although defendants are correct, the plaintiff clearly had no obligation to bring his federal claim in a state court. Admittedly, plaintiff was faced with a difficult decision. It has not been decided by either the United States Supreme Court, or by this court, whether a state court must accept an action under 42 U.S.C. § 1983. Mainev. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555
(1980); Martinez v. California, 444 U.S. 277, 100 S.Ct. 553,62 L.Ed.2d 481 (1980); Ingram v. Moody, 382 So.2d 522 (Ala. 1980) On the other hand, by bringing action in United States District Court, the plaintiff was faced with the uncertainty that that court would, in its discretion, decline to entertain pendent jurisdiction over his common law claims. For the purpose of avoiding such uncertainty when a plaintiff selects a forum, we hold this day that henceforth, courts of this state must accept jurisdiction over claims brought under 42 U.S.C. § 1983, if a § 1983 plaintiff selects a state court as his forum
In this jurisdiction the rule is that a motion to dismiss (formerly a plea in abatement) will be granted where defendant moves to dismiss plaintiff's second action for the same cause, even though plaintiff dismissed his first action after the motion to dismiss was filed. Ford v. Bowden, 243 Ala. 334,9 So.2d 906 (1942). However, in light of our holding today, we will allow Terrell, if he elects, to proceed with his claims in the United States District Court and, also pursue his actions against defendants in state court. Alternatively, if he elects to do so, the plaintiff may dismiss his § 1983 action pending in the United States District Court and combine that claim with the state court action. Of course, plaintiff can have but one monetary recovery in any event in either court. The order of the trial court is, therefore, reversed and remanded and with directions
REVERSED AND REMANDED WITH DIRECTIONS
MADDOX, FAULKNER, JONES, SHORES, EMBRY and BEATTY, JJ., concur
TORBERT, C.J., and ALMON, J., concur in result