The sole issue presented is whether the filing of an appeal in the federal courts of the dismissal of plaintiff's pendant unfair competition claim serves under Code 1975, § 6-5-440, to abate plaintiff's subsequent unfair competition claim and related common law claims brought in state court. The trial court ruled that the state court action was abated. We affirm.
Plaintiff first filed suit in federal court, asserting that defendants conspired to destroy plaintiff's business in violation of federal antitrust law and state unfair competition law. The federal court had jurisdiction of the unfair competition claim on the basis of pendant jurisdiction. At the close of plaintiff's case, the court granted a directed verdict with respect to the federal antitrust claim and dismissed the pendant state unfair competition claim when defendants stipulated that they would not raise a statute of limitations defense (as to the time between the filing of the federal suit and the dismissal of the claims) to plaintiff's unfair competition claim if it was filed in state court. A final order was issued on March 16, 1983. On April 13, 1983, plaintiff filed suit in state court on the unfair competition and other related common law claims and on the next day appealed the federal court's dismissal of the unfair competition claim. Defendants moved to dismiss the state court action on the grounds that the same action was still pending in federal court. The trial court granted the motion and this appeal ensued.
Code 1975, § 6-5-440, and the case law interpreting that section control the resolution of this question. Section6-5-440 provides:
 "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
It has been interpreted to include situations where one suit is filed in federal court and the other in state court. Fegaro v.South Central Bell, 287 Ala. 407, 252 So.2d 66 (1971); Johnsonv. Brown-Service Insurance Co., 293 Ala. 549, 307 So.2d 518
(1974); Terrell v. City of Bessemer, 406 So.2d 337 (Ala. 1981). In Terrell, plaintiff brought claims under 42 U.S.C. § 1983, along with common law claims, in federal court. The federal court refused to entertain the pendant common law claims. Plaintiff then brought the common law claims in state court, and defendants moved to dismiss the claim in light of *Page 508 
§ 6-5-440. This Court recognized that there was one cause of action for the single wrong even when the wrong leads to actions under both state and federal law. 406 So.2d at 339. This Court in Terrell adopted the position that if "the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should not be precluded." 406 So.2d at 340. Therefore, we carved out an exception to the rule allowing a cause of action for the same wrong against the same party to be pending in only one court at a time.
This case and Terrell are procedurally similar except in one respect. While the plaintiff in Terrell did not appeal the dismissal of the common law claims by the federal court, the plaintiff in this case did.[1] Therefore, it is not clear in this case that the federal court will not entertain the common law claims. Furthermore, in Orman v. Lane, 130 Ala. 305, 30 So. 441
(1901), this Court said that the pendency of an appeal of the federal court's refusal to sustain defendant's demurrer was sufficient to dismiss the state court action subsequently filed by the plaintiff.
Appellant points out that in Orman the federal court's refusal to sustain the demurrer meant that the federal action was still pending, and says that in this case the dismissal of the common law claim by the federal court prevents that claim from being pending. Appellant also points out that in this case the suit was brought in state court before the federal appeal was filed. We do not find these factual distinctions to be persuasive.
An action is deemed pending in federal court so long as a party's right to appeal has not yet been exhausted or expired.Knights of the K.K.K. v. East Baton Rouge Parish School Board,679 F.2d 64, 67 (5th Cir. 1982); Mendoza v. Blum, 560 F. Supp. 284
(S.D.N.Y. 1983); Berman v. Schweiker, 531 F. Supp. 1149
(N.D.Ill. 1982). Appellant had thirty days from the issuance of the final order in which to perfect an appeal. F.R.App.P. 4
(a)(1). Appellant filed the state court suit before the thirty days had expired; therefore, the state court suit was filed while the federal court action was still pending.[2]
Orman makes it clear that the purpose of § 6-5-440 is to prevent a party from having to defend against two suits in different courts at the same time brought by the same plaintiff on the same cause of action. "Whether the prior suit is capable of being made effectual, is, in the second suit, a collateral and incidental inquiry; however it may be then decided, the defendant is not by its decision relieved from its burdens. There is a continuing necessity that he should remain before the court, prepared to make defense against it."130 Ala. at 308, 30 So. at 442. In Orman, the federal court refused to dismiss the suit and defendant appealed. Here, the federal court did dismiss the suit and plaintiff appealed. The harm that § 6-5-440 is directed at is present in this case just as it was in Orman. Defendant is still required to defend simultaneously against the same cause of action brought by the same plaintiff in two courts.
The judgment of the trial court is affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and BEATTY, JJ., concur.
[1] In Terrell the parties did not raise, and we did not consider, the issue of whether the plaintiff could have sought review of the federal court's decision not to exercise pendant jurisdiction of plaintiff's common law claims.
[2] Appellant also filed a petition for writ of mandamus on March 7, 1983, seeking, among other things, to compel the federal court to hear the pendant common law claims. The order of the Eleventh Circuit Court of Appeals denying the petition was entered on April 11, 1983, but was not filed with the federal district court until April 15, 1983. The fact that the order denying the petition had not been filed with the federal district court on April 13, 1983, when the state court suit was filed supports our conclusion that the federal suit was still pending. *Page 509