ADAMS, Justice.
The defendants, W.L. Hubert and Charles L. Carroll, petition for a writ of mandamus directing the Honorable John B. Bush, Circuit Court Judge of Autauga County, Alabama, to dismiss Martha S. Strength and William L. Strength’s actions against the defendants. The Strengths had sued the defendants for malicious prosecution and the tort of outrage. We deny the writs.
The facts giving rise to these petitions are these:
On August 28, 1986, the plaintiffs, William L. and Martha S. Strength, sued the defendants in companion civil actions in the federal court for the Middle District of Alabama. The Strengths’ actions against the defendants were grounded on a claim under 42 U.S.C. § 1983. They alleged that the defendants had deprived them of their Fourth and Fourteenth Amendment rights under the United States Constitution. In addition to their federal claims, plaintiffs alleged state law claims for malicious prosecution, abuse of process, and the tort of outrage.
The federal district court held that an absolute immunity barred the Strengths’ federal claims. It, therefore, dismissed the Strengths’ federal claims with prejudice. That court also dismissed the Strengths’ claims arising under state law. It reasoned that it had no independent subject matter jurisdiction over those claims. In its order, the federal court concluded:
[Djespite upholding defendant Carroll’s claim to absolute immunity, such immunity does not necessarily prevent the plaintiffs from seeking to recover upon claims which may have substantial merit. Indeed, such immunity merely precludes the plaintiffs from asserting a § 1983 cause of action based upon the theory that these defendants conspired to cause the false and malicious prosecution of the plaintiffs for the crime of forgery. In essence, what this Court is saying is that whatever claims the plaintiffs may have must be litigated in state court.
Strength v. Hubert, 660 F.Supp. 878 (M.D.Ala.1987), 670 F.Supp. 322 (M.D.Ala.1987).
Following that decision, the Strengths moved to alter, amend, or vacate the judgment. That motion was denied. The Strengths then appealed to the United States Court of Appeals for the Eleventh Circuit. Thereafter, the Strengths brought an action in the state circuit court, alleging state law causes of action for malicious prosecution and the tort of outrage. The defendants moved to dismiss the Strengths’ state court action based on Ala.Code 1975, § 6-5-440. Those motions were denied. Defendants then petitioned this Court for a writ of mandamus, seeking to direct Judge *314 Bush to dismiss the Strengths’ state court actions.
The facts in this case require that we revisit our 1981 decision of Terrell v. City of Bessemer, 406 So.2d 337 (Ala.1981). In that case, we attempted to assess the impact of § 6-5-440, Code of Alabama 1975, in a case where the plaintiff brought a federal action under 42 U.S.C. § 1983 and also pleaded state law claims of negligence, wantonness, false arrest, false imprisonment, and breach of implied contract. The federal district court dismissed plaintiff's state law claims, but assumed jurisdiction of the federal claim. The plaintiff then filed suit in state court on his state law claims that had been dismissed by the federal court, and the defendants filed a motion to dismiss in state court, claiming violation of Code of Alabama 1975, § 6-5-440. Although Terrell and the instant case have certain factual and legal similarities, there are certain important factual differences. In Terrell, the district court did not dismiss the federal claim, but declined to exercise pendent jurisdiction on the state law claims because of the apprehension of jury confusion in assessing the merits of both sets of claims. In the case sub judice, the trial court completely dismissed plaintiffs’ federal law claim, and the state law claims as well, reasoning that if it did not have jurisdiction of the federal law claim, then it had no basis to hear the state law claims.
A general notice of appeal was filed in the federal court case in which plaintiffs seem to be appealing the court’s orders and judgments dismissing the federal claims, as well as those dismissing, without prejudice, the pendent state law claims. Inasmuch as the district court assumed jurisdiction of the federal claim in Terrell, there, obviously, was no similar appeal in that case. So, by reason of the appeal in the present federal case, defendants claim that the plaintiffs are prosecuting two actions in the courts of this State in violation of Code of Alabama 1975, § 6-5-440. In Terrell, we repeated what had already been decided, that “courts of this state” include the United States district courts in Alabama. Fagaro v. South Central Bell, 287 Ala. 407, 252 So.2d 66 (1971); Interstate Chemical Corp. v. Home Guano Co., 199 Ala. 583, 75 So. 166 (1917); Orman v. Lane, 130 Ala. 305, 30 So. 441 (1901). Therefore, if plaintiffs have appealed the entire judgment of the federal district court, they have a case in the federal Eleventh Circuit of Appeals, and a case in the Circuit Court of Autauga County, Alabama, involving the same state law claims. And if these facts were the whole story in this case, we might agree with the defendants’ interpretation of Code of Alabama 1975, § 6-5-440. A pending appeal is grounds for dismissal of a second cause of action. Alabama Power Co. v. City of Scottsboro, 238 Ala. 230, 190 So. 412 (1939). The rest of the story is that in the present federal action the plaintiffs have “abandoned their challenge,” if they ever intended to challenge that portion of the judge’s order dismissing the state law claims that the court opined might have substantial merit. Plaintiffs have made available to this Court copies of their Eleventh Circuit brief, which indicates that the issues raised on appeal have nothing to do with the judge’s dismissal of their state law claims. It is hornbook law that an appellate court will not reach issues that have not been properly briefed and argued.[1]
As Judge Bush aptly puts it in his brief to us:
“[Sjpecification of the errors which the appellant seeks the appellate court to review is the function of the appellant’s brief, and in particular, the statement of issues and argument sections of his brief.”
In other words, because plaintiffs have abandoned their state law claims in federal court, they are free to pursue their *315 state law claims in state court, as provided for by Terrell. However, as pointed out in Terrell, plaintiffs may have many theories of action and may file actions in different courts, but there can be only one recovery for a single cause of action.
For the foregoing reasons, the trial judge did not err in failing to dismiss plaintiffs’ claims, and we deny the petitions for writs of mandamus.
WRITS DENIED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.

. Briefs are read liberally to ascertain the issues raised on appeal. Kincade v. General Tire & Rubber Co., 635 F.2d 501, 504 (5th Cir.1981). However, issues that clearly are not designated in the appellant’s brief normally are deemed abandoned. Rogero v. Noone, 704 F.2d 518, 520 n. 1 (11th Cir.1983); 9 Moore’s Federal Practice 228.02 [2.-1], at 28-7 (2d ed. 1985).
Federal Savings & Loan Insurance Corp. v. Haralson, 813 F.2d 370, 373-74, n. 3 (11th Cir.1987).