Anthony Carl Weaver, an inmate in the custody of the Department of Corrections ("D.O.C."), appeals, pro se, from the dismissal of a complaint he filed against the Board of Adjustment ("the Board"), a number of D.O.C. officials and employees, and two other inmates.[1] In his complaint, Weaver alleged that the two inmate-defendants, Issac Hood and Edward Preers, had assaulted him. Although Weaver's complaint was inartfully drafted, it appears that he alleged that the D.O.C. defendants were under a duty to ensure his personal safety and that they violated that duty by allowing Hood and Preers to assault him. Finally, he alleged that the Board was the "subrogor" of injuries inflicted by inmates on inmates and thus was liable for his injuries. Weaver's complaint was styled as a "Complaint for Assault." The trial court dismissed it, stating:
 "From exhibits filed in these proceedings, it is obvious that the subject matter in [the] complaint filed in this court is now pending in [f]ederal [c]ourt. . . . Therefore, it is ordered that this case be dismissed."
Before filing his complaint in the state court, Weaver filed an action pursuant to 42 U.S.C. § 1983 in the federal district court for the Middle District of Alabama. That action arose from the same facts as those giving rise to Weaver's subsequent "assault" complaint, and the named defendants were substantially identical. There is no indication that Weaver attempted to *Page 442 
include his state law claims with his § 1983 action.
The trial court's dismissal appears to have been based on the prohibition against splitting a cause of action, codified at Ala. Code 1975, § 6-5-440:
 "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
(Emphasis added.)
The phrase "courts of this state," as used in § 6-5-440, includes all federal courts located in Alabama. Ex parte CanalIns. Co., 534 So.2d 582, 584 (Ala. 1988). This Court has consistently refused to allow a person to prosecute an action in a state court while another action on the same cause and against the same parties is pending in a federal court in this State. Canal Ins., supra; Century 21 Preferred Properties, Inc.v. Alabama Real Estate Comm'n, 401 So.2d 764 (Ala. 1981). That principle has been applied where, as in the instant case, the separate actions involved both common law theories of recovery and theories of recovery peculiar to federal law. Century 21,supra. The rationale behind the application of the prohibition against splitting a cause of action in such cases is based on the recognition that federal law theories and state law theories are often parallel grounds for relief as to the same wrongful acts or disputes. Century 21, 401 So.2d at 769.
When there is a single wrongful act or dispute and that single act or dispute supports both a cause of action under state law and a cause of action under federal law, there is, nevertheless, but one wrong or dispute and one cause of action; i.e., the act or dispute will support an action in either a state court or a federal court. Terrell v. City of Bessemer,406 So.2d 337, 339 (Ala. 1981). In such cases, the plaintiff can include his state law claims in his federal action and can request that the federal court exercise its power of pendent jurisdiction to hear both sets of claims. Terrell; Century 21,supra.
In Terrell, this Court recognized a limited exception to the general rule against splitting causes of action. In that case, the plaintiff submitted his state law claim, along with his federal claim, to the federal district court. That court, however, declined to exercise its discretionary power of pendent jurisdiction. 406 So.2d at 339. Recognizing that the plaintiff had done all that he could to combine his state and federal claims in one proceeding, this Court held that "under the facts of [that] appeal, [the plaintiff] should be afforded an opportunity to pursue his alleged common law theories of recovery in state court." Id.
Weaver urges this Court to apply the exception recognized inTerrell and reverse the dismissal of his complaint. Although he does not claim to have presented his common law claims to the federal court, as did the plaintiff in Terrell, he argues that to do so would have been pointless, because, he contends, the federal court had no jurisdiction to hear his state law claims. We do not agree. Our research reveals numerous § 1983 cases where federal district courts exercised pendent jurisdiction to hear a variety of state law claims. See, e.g., Revene v.Charles County Commissioners, 882 F.2d 870 (4th Cir. 1989);Durso v. Rowe, 579 F.2d 1365 (7th Cir. 1978), cert. denied,439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979); Colaizzi v.Walker, 542 F.2d 969 (7th Cir. 1976), cert. denied,430 U.S. 960, 97 S.Ct. 1610, 51 L.Ed.2d 811 (1977); Curtis v. Everette,489 F.2d 516 (3rd Cir. 1973), cert. denied, Smith v. Curtis,416 U.S. 995, 94 S.Ct. 2409, 40 L.Ed.2d 774 (1974); Montgomery v.City of Chicago, 670 F. Supp. 230 (N.D.Ill. 1987).
Because Weaver did not present his state law claims in his federal action, he is not entitled to the limited exception to the prohibition against splitting causes of action set out inTerrell, supra. Therefore, the *Page 443 
dismissal of his complaint was proper, and the trial court's judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] The appellees have not filed briefs in this appeal.