Charles Lee Worthington, proceeding pro se, appeals from the trial court's dismissal of his complaint pursuant to §6-5-440, Ala. Code 1975. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
It appears from the scant record before this court that Worthington was assaulted while incarcerated in the Calhoun County jail. Worthington, on July 22, 1998, in the United States District Court for the Northern District of Alabama, sued Larry Amerson, the Calhoun County sheriff; Bruce Barclift, the Calhoun County jail administrator; and the Calhoun County Sheriff's Department, alleging a violation of his civil rights arising out of the assault. On September 9, 1998, Worthington sued the same defendants in the Circuit Court of Calhoun County, alleging common-law negligence arising out of the same assault made the basis for the federal action.[1] On November 12, 1998, the defendants moved to dismiss the state-court complaint, pursuant to § 6-5-440, Ala. Code 1975. Section 6-5-440 provides:
 "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times."
On December 3, 1998, the trial court dismissed Worthington's state-court complaint, with prejudice. The United States District Court, upon Worthington's own motion, dismissed the federal action, without prejudice, on January 13, 1999.[2]
Worthington concedes on appeal that his state-court action was properly *Page 439 
dismissed pursuant to § 6-5-440; however, he argues that the court erred in dismissing the action with prejudice. Our supreme court has stated:
 "The phrase `courts of this state,' as used in § 6-5-440, includes all federal courts located in Alabama. This Court has consistently refused to allow a person to prosecute an action in a state court while another action on the same cause and against the same parties is pending in a federal court in this State. That principle has been applied where, as in the instant case, the separate actions involved both common law theories of recovery and theories of recovery peculiar to federal law. The rationale behind the application of the prohibition against splitting a cause of action in such cases is based on the recognition that federal law theories and state law theories are often parallel grounds for relief as to the same wrongful acts or disputes."
Weaver v. Hood, 577 So.2d 440, 442 (Ala. 1991) (citations omitted). "It has been recognized that where a single wrong leads to an action under state law and leads to an action under federal law, there is but one wrong and one cause of action."Terrell v. City of Bessemer, 406 So.2d 337, 339 (Ala. 1981); see also Weaver, 577 So.2d at 442. Where, as in this case, the two actions are commenced at different times, the plaintiff has no right of election between the two actions. Ford v. Bowden,243 Ala. 334, 9 So.2d 906 (1942); Simmons v. Pulmosan Safety Equip.Corp., 471 F. Supp. 999 (S.D. Ala. 1979). Further, a motion to dismiss based on § 6-5-440 "will be granted where [the] defendant moves to dismiss [the] plaintiff's second action for the same cause, even though plaintiff dismissed his first action after the motion to dismiss was filed." Terrell, 406 So.2d at 340.
Both actions arise from the same alleged fact situation and are against the same defendants. Because they were commenced at different times, Worthington has no right to elect the state action over the federal action; further, § 6-5-440 creates a defense to a later-filed action, in this case the state action, where an action is already pending. Finally, it makes no difference that Worthington voluntarily dismissed his federal action after the defendants moved to dismiss the state action. Accordingly, we conclude that the trial court properly dismissed Worthington's state-court action pursuant to § 6-5-440.
Although we conclude that the court properly dismissed Worthington's state action, our inquiry does not end there. As noted above, the trial court dismissed Worthington's state action with prejudice. In Terrell, our supreme court recognized a limited exception to the general rule against prosecuting the same cause of action in two different courts. The court noted that where a single wrongful act gives rise to both a state cause of action and a federal cause of action, the plaintiff may include his state-law claim with his federal claim and request the court to exercise its power of pendent jurisdiction to hear both claims.Id. at 339-40. In Terrell, the plaintiff included his state law claims with his federal-law claims; however, the federal district court refused to exercise its discretionary power of pendent jurisdiction. Our supreme court concluded that in a situation where the plaintiff has presented state-law claims with his federal claims in an action filed in a federal court and the federal court declines to exercise its discretionary power of pendent jurisdiction over the state-law claims, the plaintiff "should be afforded an opportunity to pursue his alleged common law theories of recovery in state court." Terrell, 406 So.2d at 339.
Worthington voluntarily dismissed his federal action without prejudice; *Page 440 
therefore, that dismissal is not an adjudication on the merits and Worthington may refile the action in a federal court and include his state-law claims in the action.[3] If the federal district court declines to exercise its pendent jurisdiction over the state-law claims, then the exception provided by Terrell permits Worthington to pursue those claims in a state court. The trial court's dismissal of Worthington's state action with prejudice is an adjudication on the merits[4] and, therefore, is an impediment to his pursuing the state-law claims pursuant to the Terrell exception should the federal court decline to exercise its pendent jurisdiction over the state-law claims.
That portion of the court's judgment dismissing Worthington's state action is affirmed. However, the judgment, to the extent that it dismissed the action with prejudice, is reversed, and the case is remanded for the trial court to enter an order consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
Monroe, Crawley, and Thompson, JJ., concur.
Robertson, P.J., concurs in the result.
[1] The complaint is not part of the record.
[2] Worthington has moved this court to take judicial notice of certain adjudicative facts. Specifically, he requests that this court take judicial notice of the United States District Court's dismissal of his federal action without prejudice on January 13, 1999. Worthington supports his motion with a copy of the order of dismissal. Generally, a court may not take judicial notice of the records of another court. See Garrett v. Hadden, 495 So.2d 616
(Ala. 1986); Lyle v. Eddy, 481 So.2d 395 (Ala.Civ.App. 1985). However, a court may take judicial "`notice of another court's order for the limited purpose of recognizing the `judicial act' that the order represents or the subject matter of the litigation and related filings.'" In re Delta Resources, Inc., 54 F.3d 722,725 (11th Cir. 1995), quoting State v. Jones, 29 F.3d 1549,1553-54 (11th Cir. 1994). Accordingly, we take judicial notice of the order dismissing Worthington's federal action, for the limited purpose of recognizing the judicial act.
[3] The effect of a voluntary dismissal without prejudice is to render the proceedings a nullity and leave the parties as if the action had never been filed. Bonneville Assocs., Ltd. Partnershipv. Barram, 165 F.3d 1360 (Fed. Cir. 1999).
[4] See Parmater v. Amcord, Inc., 699 So.2d 1238 (Ala. 1997).