MURDOCK, Justice
(concurring specially).
The main opinion notes two corollary principles in its analysis: “Venue in a child-custody-modification action can be waived” and “the respondent parent can always object to venue in his or her first responsive pleading in [a] court in which venue is alleged to be improper.” 130 So.3d at 573. I write separately to emphasize that the reason for these statements in the main opinion is solely to explain how and why it is that Ala.Code 1975, § 6-5-440, Alabama’s abatement statute, and Alabama statutes and rules of procedure pertaining to venue and objections to venue do not necessitate a “race to the courthouse.” Section 6-5-440 does not require some inquiry into whether an otherwise valid objection to the venue of an earlier filed action has or has not been waived in that earlier action. Why that earlier action may remain pending is between the parties and the court in that action; it is not a matter to be inquired into by the court in the later filed action. All the court in the later action is called upon or authorized to do under § 6-5-440 is to ascertain whether there is pending, for whatever reason, in another court of this state an earlier filed “action ... for the same cause.” See also Ex parte Norfolk Southern Ry., 992 So.2d 1286 (Ala.2008) (holding that a party with a compulsory counterclaim in an earlier filed action constitutes a “plaintiff’ in that action for purposes of § 6-5-440). If there is, then, under the terms of § 6-5-440, the later filed action must be dismissed.
WISE, J., concurs.