United States Court of Appeals,

Eleventh Circuit.

No. 97-6767.

TRANSOUTH FINANCIAL CORPORATION;  Associates Financial Services Company, Inc., et al., Plaintiffs-Counter-Defendants-Appellants-Cross-Appellee.

v.

Ronald A. BELL, Defendant-Counter-Claimant-Appellee-Cross-Appellant.

Aug. 12, 1998.

Appeals from the United States District Court for the Middle District of Alabama. (No. CV 96-T-1747-N-MHT), Myron H. Thompson, Judge.

Before CARNES and HULL, Circuit Judges, and HENDERSON, Senior Circuit Judge.

CARNES, Circuit Judge:

Appellants TranSouth Financial Corp. ("TranSouth"), Associates Financial Life Insurance Company ("AFLIC"), Associates Insurance Company ("AIC"), and Associates Financial Services Company, Inc ("AFSC"), appeal the district court's order dismissing their complaint, which sought to compel appellee Ronald Bell to arbitrate his claims against them, and denying their request for a stay of the concurrent state court action Bell had instituted against them.  The dismissal was based upon the district court's conclusion that, in the interest of comity and federalism, it should abstain from exercising its jurisdiction over the case in favor of the concurrent state court proceeding.

We agree with the appellants that the district court abused its discretion by abstaining from exercising its jurisdiction over the complaint, but we agree with Bell that the Federal Anti-Injunction Act, 28 U.S.C. § 2283, prohibited the district court from enjoining the concurrent state court proceedings.  Accordingly, we reverse the district court's order insofar as it dismissed TranSouth's complaint, but we affirm the district court's order insofar as it declined to enjoin the concurrent state

court proceedings.

## I. BACKGROUND

Bell took out loans with TranSouth on four separate occasions. Bell alleges that TranSouth, through its agents, Jay Conner and Carl Knight, told him that he would be able to get these loans only if he purchased credit life insurance through appellant Associates Financial Life. Bell also contends that the cost of this life insurance was added to his loans without his consent.

On September 17, 1996, Bell and TranSouth entered into an agreement to refinance the last of Bell's loans. That agreement included an arbitration clause under which they agreed to arbitrate:

> without limitation, all claims and disputes arising out of, in connection with, or relating to:
>
> — your loan from us today;
>
> — any previous loan from us and any previous retail installment sales contract or loan assigned to us;
>
> — all the documents relating to this or any previous loan or retail installment sale contract;
>
> ....
>
> — any claim or dispute based on an allegation of fraud or misrepresentation;
>
> — any claim or dispute based on a federal or state statute; and
>
> — any claim or dispute based on an alleged tort.

The arbitration clause also provided that Bell and TranSouth would arbitrate any disputes between Bell and any of TranSouth's affiliates, employees, or agents.

On October 4, 1996, Bell filed a lawsuit in Alabama state court against TranSouth, AFLIC, AIC, and AFSC, as well as Jay Conner, S.J. Conner Auto Sales, and Carl Knight, whom Bell alleges acted as agents for TranSouth. The complaint alleged several claims of fraud and misrepresentation arising out of the loan transactions and the life insurance that Bell alleges he was forced into

purchasing.

Appellants filed this action on November 25, 1996, seeking an order from the district court compelling Bell to arbitrate his claims and an order staying the state court proceedings. Bell filed his answer on December 30, 1996. In it, he admitted signing the arbitration agreement but pled several defenses, including fraud in the inducement. On January 21, 1997, Bell amended his answer to include a counterclaim alleging fraud by the appellants in procuring the arbitration agreement. On February 14, 1997, Bell filed a motion to dismiss the complaint, contending that the district court should refrain from exercising its jurisdiction under principles of comity and abstention.

By order dated August 25, 1997, the district court granted Bell's motion and dismissed the complaint without prejudice, holding that it would abstain from exercising its jurisdiction under the doctrine of *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The appellants filed a timely appeal from that decision. Bell then filed a timely cross-appeal from the district court's dismissal of his fraud claim and his demand for a jury trial on the validity of the arbitration agreement. In addition to their appeal to this Court, the appellants filed a motion to compel arbitration in the state court on September 3, 1997.

## II. STANDARD OF REVIEW

We review for abuse of discretion a district court's dismissal on *Colorado River* abstention grounds. *See American Bankers Ins. Co. of Fla. v. First State Ins. Co.,* 891 F.2d 882, 884 (11th Cir.1990). We review *de novo* a district court's determination that the Federal Anti-Injunction Act, 28 U.S.C. § 2283, prevents it from enjoining a state proceeding. *See Peterson v. BMI Refractories,* 124 F.3d 1386, 1390 (11th Cir.1997).

## III. ANALYSIS

A. DID THE DISTRICT COURT ABUSE ITS DISCRETION BY DISMISSING TRANSOUTH'S
PETITION TO COMPEL ARBITRATION?

The district court dismissed the appellants' complaint pursuant to the abstention doctrine that the Supreme Court announced in *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), which allows a federal court to dismiss a case when a concurrent state proceeding provides a more appropriate forum. As modified by the Supreme Court in *Moses H. Cone Memorial Hospital v. Mercury Constr. Co.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the *Colorado River* doctrine requires federal courts to consider six factors in determining whether abstention in favor of a concurrent state proceeding is appropriate: (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties. *See id.* at 16-26, 103 S.Ct. at 937-42. The Supreme Court indicated that these criteria could not be applied according to a rigid formula; no one factor is dispositive. *See id.* However, a federal court considering abstention must weigh these factors with a heavy bias in favor of exercising jurisdiction, *see id.* at 16, 103 S.Ct. at 937, since federal courts have a "virtually unflagging obligation" to exercise jurisdiction where it exists. *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246.

In a recent *Colorado River* abstention decision, we applied the *Moses H. Cone* factors to a scenario materially indistinguishable from this case. In *First Franklin Fin. Corp. v. McCollum,* 144 F.3d 1362 (11th Cir.1998), the federal court defendant, Gary McCollum, filed a state court action against First Franklin and one of its employees, alleging several fraud-related claims. Shortly thereafter, First Franklin filed concurrent state and federal court petitions seeking to compel McCollum to arbitrate his claims. The district court relied on *Colorado River* abstention to dismiss the federal court petition, reasoning that concerns of comity and federalism warranted deferral to

the previous state court action brought by McCollum. *See First Franklin,* 144 F.3d at 1363.

We vacated and remanded, holding that several of the *Moses H. Cone* factors weighed in favor of exercising federal jurisdiction. First, we noted that the "piecemeal litigation" factor did not weigh against exercising jurisdiction because no piecemeal litigation would ensue with regard to the arbitrability of the dispute, the only question before the federal court. In addition, we pointed out that any piecemeal litigation that might result from a decision on arbitrability would be the result of the parties' voluntary actions and the strong federal policy favoring arbitration. *See id.* at 1364.

Second, we noted in *First Franklin* that priority of jurisdiction and the timing and progress of the concurrent suits weighed against abstention. As discussed in *Moses H. Cone,* this factor requires the court to consider not only the chronological order in which the parties initiated the concurrent proceedings, but the progress of the proceedings and whether the party availing itself of the federal forum should have acted earlier. *See Moses H. Cone,* 460 U.S. at 21-22, 103 S.Ct. at 939-40. First Franklin had filed its suit at nearly the earliest opportunity, shortly after McCollum indicated his refusal to arbitrate by filing his state court lawsuit. Furthermore, the state court had not ruled on First Franklin's motion to compel arbitration at the time the district court decided to abstain from exercising jurisdiction. As a result, there had been no progress in the state court to weigh in favor of federal court deferral. *See id.* at 1364-65. Therefore, we concluded that the relative timing and progress of the concurrent proceedings in *First Franklin* did not weigh in favor of abstention.

Third, we noted in *First Franklin* that the law of decision weighed against abstention, since the Federal Arbitration Act, 9 U.S.C. §§ 3-4 governs motions to compel arbitration. We reasoned that resolution of the underlying dispute being governed by federal law is a factor that strongly suggests a federal court should exercise its jurisdiction. *See id.* at 1365. The final factor that we

deemed to be relevant was the availability of complete relief in the state forum. We recognized that the state court's ability to eventually grant complete relief weighed slightly in favor of abstention. *See id.* However, that one factor was insufficient to counterbalance the other considerations. In sum, we concluded in *First Franklin* that the factors not favoring abstention—avoiding piecemeal litigation, progress of the concurrent proceedings, and the federal nature of the relevant law—coupled with the absence of any factor weighing strongly in favor of abstention required us to conclude that the district court abused its discretion by abstaining. *See id.*

This case is not materially different from *First Franklin.* Both cases involve parallel state and federal proceedings. In both cases, the state court plaintiff filed his complaint first, alleging several fraud-related claims, and soon thereafter one or more of the defendants in the state court action filed motions to compel arbitration in both state and federal court. In both cases, the district court decided to abstain from exercising its jurisdiction, even though the state court had not issued a ruling on the arbitrability issue. Given these similarities, the same *Moses H. Cone* factors that this Court applied in *First Franklin* weigh against abstention here as well. As we said in *First Franklin,* "this case is so close to *Moses H. Cone,* and the factors weigh sufficiently against abstention, that the district court abused its discretion in abstaining." *Id.*

The district court in this case did not have the benefit of the *First Franklin* decision when it ruled. We are confident that if it had, the court would not have abstained. In light of *First Franklin,* we must vacate the district court's order of dismissal on abstention grounds, and remand this case to the district court for a decision on the appellants' motion to compel Bell to arbitrate his claims against them.[1]

---

[1]Our decision in *Old Republic Union Ins. Co. v. Tillis Trucking Co.,* 124 F.3d 1258 (11th Cir.1997), does not conflict with our analysis here. In *Old Republic,* we affirmed a district court's refusal on *Younger* abstention grounds to entertain a declaratory judgment action where

B. DID THE DISTRICT COURT PROPERLY DENY THE APPELLANTS' MOTION FOR A STAY OF THE STATE COURT PROCEEDINGS?

Appellants also contend that the district court should have entered an order staying the state court proceedings pending the outcome of their federal suit seeking to compel arbitration. In denying their request for a stay, the district court relied on the prohibitions of the Federal Anti-Injunction Act, 28 U.S.C. § 2283.

The Federal Anti-Injunction Act prohibits a federal court from enjoining a state court proceeding except in three narrowly defined circumstances: (1) where there is an express congressional authorization to enjoin state proceedings; (2) where an injunction is necessary to protect a judgment that a federal court has rendered; and (3) where an injunction is necessary to aid the federal court's jurisdiction over an action. *See* 28 U.S.C. § 2283. Those exceptions are to be narrowly construed. *See, e.g., Atlantic Coast Line Ry. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970).

The appellants contend that this case falls within the third exception, namely, that an

_____

there was a concurrent state action. The federal plaintiff sought to have the federal court pass on the constitutionality of Alabama's wrongful death statute. *See id.* at 1261. We found that *Younger* abstention was appropriate because "important state interests [were] involved," and those interests favored allowing the Alabama state courts to pass on the validity of state law. *Id.* We also found that abstention in that case was supported by the fact that the federal action was brought under the Declaratory Judgment Act, which "confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 1260 (citing *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286-87, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995)).

The present case, by contrast, is not a declaratory judgment action. Instead, these appellants seek to enforce federal arbitration rights created by a federal statute, the FAA. As a result, no compelling state interest exists in having the state courts, instead of the federal courts, decide this case. *Moses H. Cone* indicates that, in arbitration cases, federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Moses H. Cone,* 460 U.S. at 15, 103 S.Ct. at 937. That *Old Republic* implicated *Younger* abstention, while this case involves *Colorado River* abstention underscores the differences that distinguish *Old Republic* from the present case.

injunction is necessary "in aid of [the court's] jurisdiction." Citing *Vendo Co. v. Lektro-Vend Corp.,* 433 U.S. 623, 641-42, 97 S.Ct. 2881, 2893, 53 L.Ed.2d 1009 (1977)(plurality opinion of Rehnquist, J.), the district court held to the contrary, because it believed the "aid of jurisdiction" exception applies exclusively to *in rem* proceedings. In *Vendo Co.,* then-Justice Rehnquist's plurality opinion stated that the "aid of jurisdiction" exception was intended to apply to *in rem* proceedings, and not to interfere with the balance of concurrent jurisdiction *in personam* actions. *See id.* However, that opinion did not command a majority of the Court, and Justice Blackmun's concurrence, joined by one other justice, does not adopt that position. *See id.* at 643, 97 S.Ct. at 2893-94 (Blackmun, J., concurring in the result). We are not obligated to follow the plurality opinion in *Vendo Co.,* because plurality opinions of the Supreme Court do not bind this Court. *See, e.g., United States v. Stewart,* 65 F.3d 918, 924 (11th Cir.1995), *cert. denied,* 516 U.S. 1134, 116 S.Ct. 958, 133 L.Ed.2d 881 (1996).

We are obligated to follow a prior decision of this Court, *see Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), and we do have a decision holding that the "aid of jurisdiction" exception can be applied to *in personam* actions when necessary to protect a federal court's jurisdiction over a case. *See Peterson v. BMI Refractories,* 124 F.3d 1386, 1395 (11th Cir.1997) (holding that "aid of jurisdiction" exception to anti-injunction act could be invoked to stay state court proceedings where the case had been removed from state court). The district court did not have the benefit of the *Peterson* decision when it issued its order in this case, but that decision is now law of the circuit.

That the "aid of jurisdiction" exception applies to some *in personam* actions, however, does not necessarily mean that it applies to this case. In *Peterson,* we held that a stay of the state court proceedings was appropriate because the civil rights action initiated in the state court had been

removed to federal court on diversity grounds, depriving the state court of jurisdiction over the matter. *See Peterson,* 124 F.3d at 1395. In the present case, jurisdiction is proper in both courts. When there are concurrent jurisdiction state and federal proceedings arising out of the same transaction or occurrence, ordinarily neither forum should interfere with the other's exercise of jurisdiction. *See Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970) ("In short, the state and federal courts had concurrent jurisdiction in this case, and neither court was free to prevent either party from simultaneously pursuing claims in both courts."). The "aid of jurisdiction" exception applies only when an injunction is "necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Id.*

In support of their position that the "aid of jurisdiction" exception applies here, appellants note that district courts have granted an injunction staying state court proceedings under this exception after determining that the underlying dispute was arbitrable. *See, e.g., Pervel Indus. v. TM Wallcovering, Inc.,* 675 F.Supp. 867 (S.D.N.Y.1987), *aff'd* 871 F.2d 7 (2d Cir.1989). In *Pervel,* the district court found that the "aid of jurisdiction" exception allowed it to stay parallel state court proceedings after granting an order compelling arbitration. *See id.* at 870.

In the present case, however, no court has found the underlying dispute arbitrable and compelled the parties to arbitrate their claims. That distinction may be an important one, because when a federal district court grants a motion to compel arbitration it retains jurisdiction to confirm or vacate the resulting arbitration award under 9 U.S.C. §§ 9-10. When a federal court has ordered arbitration, a stay of the state court action may be necessary to insure that the federal court has the opportunity to pass on the validity of the arbitration award. In this case, however, that concern

simply does not exist because the district court has not yet ruled on the motion to compel arbitration. *Cf. Amalgamated Clothing Workers of America v. Richman Bros.,* 348 U.S. 511, 515-16, 75 S.Ct. 452, 455, 99 L.Ed. 600 (1955) (Anti-Injunction Act exceptions do not apply merely because state court action involves legal area preempted by federal law).

If the district court orders arbitration, a stay of the state court proceedings might be appropriate at that point because continued state proceedings could jeopardize the federal court's ability to pass on the validity of the arbitration proceeding it has ordered.[2] However, we need not decide that question because the premised condition, an order compelling arbitration, does not exist now. Therefore, the "aid of jurisdiction" exception to the Anti-injunction Act is inapplicable at present. *See Lou v. Belzberg,* 834 F.2d 730, 740 (9th Cir.1987) ("The mere existence of a parallel action in state court does not rise to the level of interference with federal jurisdiction necessary to permit injunctive relief under the "necessary in aid of' exception."). Accordingly, we hold that no exception to the Anti-Injunction Act is applicable to this case and affirm the district court's denial of TranSouth's motion for a stay of the parallel state court proceedings in this case.

C. SHOULD THE DISTRICT COURT HAVE DISMISSED BELL'S CROSS-APPEAL?

In his cross-appeal, Bell claims that the district court should not have dismissed his jury demand on the arbitrability issue and the separate fraud claim contained in his counterclaim. The district court dismissed Bell's counterclaim when it dismissed the entire case. Because we have held the district court should not have dismissed the case on abstention grounds, the entire case is to be remanded to the district court. Bell's contention about his jury demand and fraud claim are premature insofar as this Court is concerned. The district court is free to reconsider these matters

---

[2]If the district court grants appellants' motion to compel arbitration, and the appellants renew their motion for a stay of the state court proceedings, the district court can reconsider that motion then.

on remand.

## IV. CONCLUSION

For the reasons stated above, the district court's order granting Bell's motion to dismiss is VACATED, but its denial of TranSouth's motion for a stay of the state court proceedings is AFFIRMED. The case is REMANDED for further proceedings consistent with this opinion.