[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-16378
Non-Argument Calendar

_____

FILED

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT**
June 14, 2004
**THOMAS K. KAHN
CLERK**

D. C. Docket No. 03-00350-CV-2-BH

ROBERT EVANS MOORER,

Plaintiff-Appellant,

versus

DEMOPOLIS WATERWORKS AND SEWER BOARD,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 14, 2004)**

Before BLACK, BARKETT and GODBOLD, Circuit Judges.

PER CURIAM:

This case arises because the district court abstained from exercising its jurisdiction in favor of a concurrent state court proceeding and dismissed the case. On April 21, 2003, the State of Alabama filed an action in the Circuit Court of Marengo County alleging that the appellee has violated and continues to violate the Alabama Water Pollution Control Act, ALA. CODE §22-22-1 (1975). State of Alabama, ex rel. Bill Pryor v. Demopolis Water Works and Sewer Board, No. CV - 2003-79. On May 28, 2003, Moorer filed a motion to intervene in the Marengo County state court action. Subsequently, on June 2, 2003, Moorer filed the present action against the appellee alleging that appellee has violated and continues to violate both federal and state Water Pollution Control Acts, 33 U.S.C. §1251-1387 (2001) and ALA. CODE. §22-22-1 to 14 (1975). Moorer's motion to intervene in the state court action was granted on August 11, 2003. Appellee filed a motion to dismiss or in the alternative to stay Moorer's suit filed in federal court arguing that the federal court action unnecessarily duplicated the pending Marengo County action. The district court granted appellee's motion and dismissed the complaint without prejudice. Moorer now appeals. We affirm the judgment of the district court with modification.

The only issue before this court is whether the "exceptional circumstances

2

test" enunciated in Colorado River Water Conservation District V. U.S., 424 U.S. 800 (1976) was applicable in this case, and if so, whether the district court should have stayed the action rather than dismiss it. We review under an abuse of discretion standard the district court's dismissal on Colorado River abstention grounds. Transouth Financial Corp. v. Bell, 149 F.3d 1292, 1294 (11th Cir. 1998). "When employing an abuse of discretion standard, 'we must affirm unless we at least determine that the district court has made a clear error of judgment, or has applied an incorrect legal standard.'" Alexander v. Fulton County, Ga., 207 F.3d 1303, 1326-27 (11th Cir. 2000) (quoting SunAmerica Corp. v. Sun Life Assurance Co. of Canada, 77 F.3d 1325, 1333 (11th Cir. 1996)). We will not reverse unless "the error [will] result in a substantial injustice to the Defendants." Id.

### Abstention and Water Pollution Control Act

The Colorado River doctrine of "exceptional circumstances" authorizes a federal "district court to dismiss or stay an action when there is an ongoing parallel action in state court." LaDuke v. Burlington Northern Railroad Co., 879 F.2d 1556, 1558 (7th Cir. 1989). The principles of this doctrine "rest on considerations of '[w]ise judical administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817 (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183

3

(1952). Although federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them" they may defer to a parallel state proceeding under "limited" and "exceptional" circumstances. Id at 817-818. Among the factors the district court should consider in determining whether such exceptional circumstances exist are:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

Transouth Financial, 149 F.3d at 1294-5 (summarizing Moses H. Cone Memorial Hospital v. Mercury Constr. Co., 460 U.S. 1, 16-26 (1983). The aim of these factors do not "rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of exercise of jurisdiction." Moses H. Cone, 460 U.S. at 16. The weight of each factor varies on a case-by-case basis, pending on the particularities of that case. Id. One factor alone can be the sole motivating reason for the abstention. Id (noting that the desire to avoid piecemeal adjudication was the driving force behind

4

the dismissal in <u>Colorado River</u>).

In this case the district court diligently analyzed the above factors, correctly noting that there was a distinct danger of piecemeal litigation in this case if both the state and federal actions were allowed to proceed. The district court properly noted that although Moorer aptly pointed to subtle differences between his federal claim and that of the complaint filed by the State of Alabama in Marengo County state court regarding compliance with permit rules, Moorer as a intervening party in the Marengo County state court action had the right to present his compliance permit arguments in the state court. Moreover, as an intervening party, Moorer had the ability to ensure diligent prosecution in the Marengo County State court action and thus the district court had no basis to believe that Moorer's rights would not be protected.

The above analysis does not change because the action involved state and federal clean water acts. Unlike the appellant in <u>Brewer v. City of Bristol</u>, 577 F.Supp. 519, (E.D. Tenn. 1983), Moorer had sought and had been granted the right to intervene in the state court action. Therefore, as the district court correctly noted, Moorer may raise theories of liability in the Marengo County state court action as well as ensure that a diligent prosecution is conducted.

<u>Stay or Dismiss without Prejudice</u>

5

Prior to Colardo River, we had held that a district court could abstain from exercising its jurisdiction over an equity suit in which the same parties and the same issues were being litigated concurrently in both federal and state court. PPG Indus., Inc. v. Continental Oil Co., 478 F.2d 674, 681-2 (5th Cir. 1973).[1] We found that a district court should stay the action pending the adjudication of the state court action for, although "a stay pending final determination of a state suit between the same parties and the same issues will probably have the same practical effect as a dismissal would have . . . we do not believe the action should be dismissed." Id at 682. We noted that a stay is preferable because "[c]onceivably state action could be quite unreasonably delayed or other factual situations not now anticipated might develop in the state litigation which would cause the district court on appropriate petition to desire to reactivate and to go forward with the pending but presently stayed action." Id (quoting Aetna State Bank v. Altheimer, 430 F.2d 750, 756 (7th Cir. 1970). Post Colarado River, this circuit has not had the occasion to address the issue of whether the preferred course of action is still to stay rather than dismiss without prejudice a case in which the district court has abstained from exercising its jurisdiction pursuant to the doctrine of Colorado River. We now join our sister circuits in holding that "a stay, not a dismissal, is the

---

[1] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 shall be binding as precedent on the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

6

proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the Colorado River doctrine. LaDuke, 879 F.2d at 1561-2; Mahaffey, et al. v. Bechtel Assoc. Prof'l Corp. D.C., et al., 699 F.3d 545, 546-7 (D.C. Cir. 1983) (holding that a stay "effectively conserve[s] court resources while avoiding premature rejection of the litigant's access, as specified by statute, to a federal forum"). A stay is preferred because it lessens the concerns associated with statute of limitations, brings "the federal action back before the same federal judge that had previously considered the case . . . [and] [i]t protects the rights of all the parties without imposing any additional costs or burdens on the district court." LaDuke, 879 F.2d at 1562. The district court erred in dismissing this action..

We hold that the district court shall convert its order of dismissal without prejudice into a stay, and AFFIRM the judgment as modified.