[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16182
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00237-SDM-SPC


ALEXANDER L. KAPLAN,

Plaintiff-Appellant,

versus

LEON KAPLAN,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 29, 2013)

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Alexander Kaplan appeals pro se a judgment to stay his civil action against

his uncle, Leon Kaplan, for allegedly breaching his fiduciary duties as personal representative of the estate of Mack Kaplan.  The district court stayed the action in deference to the ongoing probate of the estate in a Florida court.  We affirm.

We review for abuse of discretion a decision to stay an action after weighing the factors identified by the Supreme Court in Colorado River Water Conservation District v. United States, 424 U.S. 800, 818–19, 96 S. Ct. 1236, 1247 (1976). Moorer v. Demopolis Waterworks and Sewer Bd., 374 F.3d 994, 996 (11th Cir. 2004).  "When employing an abuse of discretion standard, we must affirm unless we . . . determine that the district court has made a clear error of judgment, or has applied an incorrect legal standard."  Id. at 996–97 (internal quotation marks omitted).

Alexander argues that the decision to stay his federal action conflicts with Marshall v. Marshall, 547 U.S. 293, 126 S. Ct. 1735 (2006), but we disagree. Consistent with the holding in Marshall that a federal court is obliged to exercise its jurisdiction to consider matters that do not annul a will, invalidate the administration of an estate, or interfere with property in the custody of the probate court, id. at 311–12, 126 S. Ct. at 1748, the district court ruled that Alexander's action was not in the nature of a probate proceeding and that it had jurisdiction to entertain Kaplan's in personam claims against his uncle.  The district court did not abdicate its obligation to exercise its jurisdiction.  See Colorado River, 424 U.S. at

2

817, 96 S. Ct. at 1246.

The district court did not abuse its discretion by staying the federal action. The nature of the probate proceedings reveals that parallel federal and state litigation would result in deleterious piecemeal litigation.  See Moorer, 374 F.3d at 996; Ambrosia Coal and Const. Co. v. Pages Morales, 368 F.3d 1320, 1333 (11th Cir. 2004).  Alexander has an opportunity to object to the decisions that Leon has made in distributing the estate, see Fla. Prob. R. 5.150, 5.345, 5.400, and the resolution of those objections will dispose of or substantially limit Alexander's claims that Leon breached his fiduciary duties to the estate, see Fla. Stat. §§ 733.609(1), 733.901(1)–(2).  For example, Alexander complains that Leon acted tortuously by settling a wrongful death survivor's claim for a low amount, but the probate court has approved the settlement and, in so doing, "relieved [Leon] of liability or responsibility for the compromise," see Fla. Stat. § 733.708. And the record supports the finding of the district court that a parallel federal action would be wasteful.  Alexander already has attempted to excuse his violation of the discovery deadline in the federal action as necessary to accommodate the ongoing probate proceedings.

We **AFFIRM** the stay of the action against Leon Kaplan.