[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13750
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cv-14303-DMM

TIMOTHY D. WILLSON,

Plaintiff-Appellant,

versus

BANK OF AMERICA, N.A.,

Defendant-Appellee,

QBE FIRST INSURANCE AGENCY,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 10, 2017)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Timothy Willson appeals a district court order staying his suit against Bank of America under the Colorado River[1] abstention doctrine.  Willson sued for damages under Regulation X, 12 C.F.R. § 1024, which implements the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 et seq.  See 12 C.F.R. § 1024.1.  He alleged violations of Regulation X during a foreclosure action brought against his property in Florida state court.  In a motion for rehearing after the Florida court entered a final judgment of foreclosure, Willson argued Regulation X "precluded [Bank of America from] moving for a final foreclosure judgment."  The Florida court denied Willson's motion for rehearing, but his appeal of both the final judgment and motion for rehearing remains pending in the Florida courts.  The district court found Willson's state and federal actions to be substantially similar and that the Colorado River factors warranted abstention.  After careful review, we affirm.

I.

On November 4, Willson emailed Bank of America requesting a loan modification.  On December 1, the day of Willson's foreclosure trial in the Florida court, Bank of America replied to Willson stating his November 4 email was "corrupted" and had gone to Bank of America's "SPAM mail."  Bank of America asked Willson to resend the email, which he did that same day.

---

[1] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S. Ct. 1236 (1976).

On January 12, 2015, the Florida court entered a final judgment of foreclosure. On January 17, Bank of America told Willson that he did not qualify for a loan modification. On January 27, Willson filed a motion for rehearing in the Florida court, in which Willson raised the argument that Regulation X "precluded [Bank of America from] moving for a final foreclosure judgment." He also copied Regulation X § 1024.5(c)(1), which states RESPA or Regulation X may preempt inconsistent state laws. The next day, the Florida court denied the motion for rehearing. Willson's appeal of both the final judgment and motion for rehearing remains pending. Willson also filed for bankruptcy to prevent a foreclosure sale.

On August 27, 2015, Willson filed this action in federal court under Regulation X. Bank of America moved for summary judgment. The district court granted in part and denied in part the motion for summary judgment, allowing only two counts to proceed: Count I, failure to notify Willson of receipt of his loan-modification application under 12 C.F.R. § 1024.41(b)(2)); and Count II, moving forward with the foreclosure trial despite a pending loan-modification application under 12 C.F.R. § 1024.41(g). The district court also declined to grant judgment to Bank of America on Willson's claims for damages related to litigation costs (including filing for bankruptcy).

Bank of America then moved the district court to abstain from further action in Willson's suit. The district court addressed Colorado River abstention. It noted

3

the pending Florida state case involved the same parties and found Willson had asked both the Florida court and the federal court to decide whether Bank of America violated RESPA by seeking a foreclosure judgment.  Thus, the district court concluded the two cases involved substantially the same issues.

The district court then analyzed the Colorado River factors.  The court found:  (1) the Florida court had jurisdiction over the foreclosure property (favoring abstention); (2) the federal forum was convenient (neutral); (3) the potential for piecemeal litigation was not excessive (not favoring abstention); (4) the Florida case was already on appeal after trial but this case has not yet proceeded to trial (favoring abstention); (5) the claims in front of the district court were based on federal law (not favoring abstention); (6) both courts were adequate to protect Willson's rights (neutral); (7) it was not clear that Willson filed the federal action solely in reaction to his failure in state court (neutral); and (8) RESPA's concurrent jurisdiction indicated a policy favoring abstention (favoring abstention).  Based on these findings, the district court concluded abstention was warranted and stayed Willson's suit.

## II.

"We review a district court's order abstaining from the exercise of jurisdiction on Colorado River grounds for an abuse of discretion."  Ambrosia Coal & Const. Co. v. Pages Morales, 368 F.3d 1320, 1332 (11th Cir. 2004).  "When

employing an abuse of discretion standard, we must affirm unless we at least determine that the district court has made a clear error of judgment, or has applied an incorrect legal standard." Moorer v. Demopolis Waterworks & Sewer Bd., 374 F.3d 994, 996–97 (11th Cir. 2004) (per curiam) (quotation omitted).

"Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River, 424 U.S. at 817, 96 S. Ct. at 1246 (quotation omitted and alteration adopted). The "obligation of the federal courts to exercise the jurisdiction given them" is "virtually unflagging." Id. Thus, "Colorado River abstention is particularly rare." Jackson-Platts v. Gen. Elec. Capital Corp., 727 F.3d 1127, 1140 (11th Cir. 2013).

"The principles of [the Colorado River] doctrine rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Moorer, 374 F.3d at 997 (quotation omitted and alteration adopted). Colorado River abstention applies only "when federal and state proceedings involve substantially the same parties and substantially the same issues." Ambrosia Coal, 368 F.3d at 1330. If this threshold condition is met, then eight factors are weighed to analyze the permissibility of abstention:

> (1) whether one of the courts has assumed jurisdiction over property,
> (2) the inconvenience of the federal forum, (3) the potential for

piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, [] (6) the adequacy of the state court to protect the parties' rights. . . . [(7)] the vexatious or reactive nature of either the federal or the state litigation . . . . [and (8)] whether the concurrent cases involve a federal statute that evinces a policy favoring abstention.

Id. at 1331 (quotation omitted).  However, "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction."  Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16, 103 S. Ct. 927, 937 (1983).  "The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case."  Id.  "By considering and balancing the [] factors enumerated by the Supreme Court, a district court will be able to identify when the circumstances are exceptional."  Noonan S., Inc. v. Cty. of Volusia, 841 F.2d 380, 382 (11th Cir. 1988).

### A.

Willson argues the two cases are not substantially similar because he seeks different relief.  But the district court found the cases are substantially similar because the issues are the same.  The court said Willson "seeks a determination [in both cases] that [Bank of America] improperly moved for foreclosure judgment in violation of RESPA."  Specifically, the district court observed that a determination

that the foreclosure judgment was made in error is necessary for Willson to succeed in the federal suit.

"A district court will abuse its discretion if it makes an error of law or makes a clearly erroneous factual finding." Jackson-Platts, 727 F.3d at 1133. The district court did not abuse its discretion in finding that Willson's state and federal cases involved substantially the same issues, because his federal claims will require a determination of whether the Florida court's foreclosure judgment was correct. This finding was not clearly erroneous and was based on a correct application of law.

## B.

Willson also argues the Colorado River factors do not favor abstention to the extent required to overcome the heavy presumption that federal courts exercise the jurisdiction afforded to them. The district court noted the presumption in favor of federal court jurisdiction, but after analyzing the proper factors, found "abstention is warranted under these circumstances." Thus, the district court did not apply an incorrect legal standard. Willson must therefore show the district court made a clear error of judgment in balancing the Colorado River factors. See Moorer, 374 F.3d at 996–97.

The district court found three factors favored abstention: factor one, that the Florida court had jurisdiction over Willson's property; factor four, that the Florida

7

court was post-trial while the federal suit was not; and factor eight, that RESPA's grant of concurrent jurisdiction indicated a policy in favor of abstention. The first factor favors abstention because the Florida court already had jurisdiction over Willson's property and the federal court necessarily would decide whether the foreclosure judgment was correct. See Forehand v. First Ala. Bank of Dothan, 727 F.2d 1033, 1035 (11th Cir. 1984) (the first factor applies where both the federal and state courts are "determining rights in property over which one court has first taken jurisdiction"). The fourth factor also favors abstention because the district court properly looked to the relative progress of the two suits and found the Florida court had progressed beyond trial. See Moses H. Cone, 460 U.S. at 21–22, 103 S. Ct. at 940 ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."). And although Willson argues the RESPA issue was not squarely before the Florida court at the foreclosure trial, the district court correctly found the RESPA claim was premised on Bank of America proceeding with the foreclosure trial despite Willson's pending loan-modification application.

We note that the district court did err in its finding on the eighth factor that RESPA's concurrent jurisdiction "indicates a policy in favor of abstention." Colorado River requires more. Although it is true that the statute at issue in Colorado River granted concurrent state and federal jurisdiction, 424 U.S. at 809,

8

96 S. Ct. at 1242, it was "[t]he clear federal policy . . . [for] the avoidance of piecemeal adjudication of water rights in a river system" that evinced a policy favoring abstention.  Id. at 819, 96 S. Ct. at 1247.  Even recognizing this error, it does not reach the level of a clear error of judgment or affect the district court's finding that the exceptional circumstances of the other two factors warranted abstention.  See Jackson-Platts, 727 F.3d at 1133.  As a result, we affirm.

    **AFFIRMED.**