[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13263
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-23227-RNS

JAMES ERIC MCDONOUGH,

Plaintiff-Appellant,

VANESSA MCDONOUGH,

Plaintiff,

versus

CITY OF HOMESTEAD,
a Florida Municipal Corporation,
JEFF PORTER,
Individually, and in his capacity as Mayor for the City of Homestead;
Homestead, Florida,
GEORGE GRETSAS,
Individually, and in his capacity as City Manager for the City of Homestead;
Homestead, Florida,
ALEXANDER ROLLE,
Individually, and in his capacity as Chief of Police for the Homestead
Police Department of the City of Homestead; Homestead, Florida,
ALEJANDRO MURGUIDO,
Individually, and in his capacity as Police Officer for the Homestead
Police Department of the City of Homestead; Homestead, Florida, et al.,

Defendants-Appellees,

ANTONIO AQUINO, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 7, 2019)

Before TJOFLAT, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

James Eric McDonough appeals the dismissal of his complaint with

prejudice and the denial of his pro se Federal Rule of Civil Procedure Rule 59(e)

and 60 motions.  After careful review, we affirm the district court's dismissal of

McDonough's complaint.

**I.**

McDonough first brought his lawsuit through counsel on October 28, 2016.

See McDonough v. City of Homestead, No. 16-24524-CIV-WILLIAMS (S.D. Fla.

Oct. 28, 2016) ("McDonough I").  He amended his complaint as a matter of right

on January 26, 2017, alleging fifty-nine separate counts against thirty-seven

defendants, including the City of Homestead, Florida, the Mayor of Homestead,

Florida, Monroe County, Florida, Miami-Dade County, Florida, and numerous

Florida police officers, alleging violations of his constitutional rights.  Most of the

2

defendants filed motions to dismiss arguing, among other things, that McDonough's complaint was an impermissible shotgun pleading.  McDonough then filed a motion for leave to amend his complaint on March 28, 2017 but did not respond to any of the defendants' motions to dismiss.  A magistrate judge granted McDonough's motion for leave to amend on May 19, 2017, stating only that McDonough "must separately and timely re-file the amended complaint" by May 29, 2017.

McDonough failed to do so.  As a result, the district court undertook a sua sponte review of the lawsuit approximately two months later on July 31, 2017.  The district court dismissed McDonough's complaint without prejudice because: (1)  McDonough "ha[d] violated [the magistrate judge's May 19, 2017] order and the Local Rules by failing to timely submit an amended complaint"; (2) McDonough "failed to diligently prosecute his claims"; and (3) "[a] cursory review of [McDonough's first amended complaint] . . . indicate[d] that many of [his] claims [were] frivolous . . . [a]lthough some of [his] claims may survive if they are properly pled."

McDonough filed a new complaint on August 25, 2017 in district court, starting a second case.  This case was assigned to a different district court judge.  Although the substance of his new complaint was nearly identical to his previous complaint, the complaint had been rewritten.  McDonough raised numerous

3

constitutional violations in thirty-two counts against thirty-six defendants.  His new complaint removed one defendant from his first complaint.  Like before, the defendants moved to dismiss McDonough's complaint, arguing, among other things, that the complaint was an impermissible shotgun pleading.  McDonough responded to each defendant's motion to dismiss, arguing in response that his complaint was not a shotgun pleading.

The district court then entered an omnibus order granting the defendants' motions to dismiss McDonough's claims.  The district court stated McDonough's complaint was "a particularly egregious example of a shotgun pleading," and that, in any event, most of McDonough's claims were time-barred by Florida's four-year statute of limitations for tort claims.  It noted McDonough had previously filed a similar complaint before a different district court judge that had been dismissed without prejudice.  The district court also stated that although McDonough requested leave to amend his complaint in response to some of the defendants' motions to dismiss, he did not request leave to amend as a matter of right or formally under Federal Rule of Civil Procedure Rule 15.  As a result, the district court dismissed McDonough's complaint with prejudice.

McDonough's counsel then moved to withdraw, and the district court granted counsel's motion on June 22, 2018.  From there, McDonough proceeded pro se.  He first filed a motion for reconsideration under Rule 59(e) and requested

4

leave to file an amended complaint, both of which the district court denied. McDonough then filed a motion under Rule 60 to suspend the district court's July 3, 2018 judgment; to alter or amend the district court's July 3, 2018 judgment; for relief from the district court's judgment; and for leave to file a proposed amended complaint. The district court denied McDonough's motions. McDonough now appeals the dismissal of his complaint with prejudice and the denial of his motions for reconsideration under Rules 59 and 60. See Fed. R. Civ. P. 59(e), 60(b).

## II.

We review a district court's dismissal of a complaint on grounds of shotgun pleading for an abuse of discretion. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294 (11th Cir. 2018). We review the denial of a Rule 59(e) motion for an abuse of discretion. Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1343 n.20 (11th Cir. 2010). We also review Rule 60(b) motions for abuse of discretion. Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 934 (11th Cir. 2007). An abuse of discretion review requires this Court to affirm unless it "determine[s] that the district court has made a clear error of judgment, or has applied an incorrect legal standard." Moorer v. Demopolis Waterworks & Sewer Bd., 374 F.3d 994, 996–97 (11th Cir. 2004) (per curiam) (quotation marks omitted).

5

### III.

Shotgun pleadings are characterized by: (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combing multiple claims against multiple defendants without specifying which defendant is responsible for which act.  Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321–23 (11th Cir. 2015).  Shotgun pleadings violate Rule 8(a)(2)'s "short and plain statement" requirement by "failing . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe Micro, 878 F.3d at 1294–5 (quotation marks omitted and alteration adopted); see also Fed. R. Civ. P. 8(a)(2).

McDonough concedes on appeal that his complaint was a shotgun pleading. He argues instead the district court abused its discretion when it dismissed his complaint with prejudice as a shotgun pleading without (1) giving him the opportunity to amend and (2) explaining how his complaint was a shotgun pleading.  In response, the defendants argue the district court did not abuse its discretion because McDonough had already been given an opportunity to amend his complaint in McDonough I and the defendants raised and explained the

complaint's shotgun pleading problems through their numerous motions to dismiss in that case.

This Court recently articulated the standard for dismissing shotgun pleadings when a plaintiff is represented by counsel. Specifically, this Court said:

> When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds. In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings.

Vibe Micro, 878 F.3d at 1296 (footnote omitted).

Our Court recently applied this rule in Jackson v. Bank of America, N.A., 898 F.3d 1348 (2018). In Jackson, the defendants moved for a more definite statement of the plaintiffs' complaint, arguing the complaint was a shotgun pleading. Id. at 1358. Plaintiffs were represented by counsel throughout the litigation. Id. at 1353–56. The defendants' motions "fully explained the complaint's defects," and the plaintiffs did not oppose the defendants' motions. Id. at 1358. The district court granted the defendants' motions and ordered the plaintiffs to file a new complaint. Id. However, the district court did not explain how the plaintiffs' complaint was a shotgun pleading. Id. at 1359. Despite the defendants' explanations in their motions, the Jackson plaintiffs' amended complaint did not remedy any of the shotgun pleading problems found in the first

complaint. Id. at 1358–59. It only "attempt[ed] halfheartedly to cure . . . one of the [complaint's] many ailments." Id. at 1359.

Although this Court affirmed the dismissal of the Jackson plaintiffs' complaints on other grounds, it explained that the district court "would not have abused its discretion if it had dismissed the amended complaint with prejudice." Id. at 1359. Even though the district court did not "further elaborate[e] on [the complaint's] deficiencies," the plaintiffs had been put on notice of the complaint's shotgun pleading defects through the defendants' motions for a more definite statement. Id. The plaintiffs "failure to oppose [the defendants' motions] operated as an acknowledgment of [the complaint's shotgun pleading defects]," and plaintiffs were given the opportunity to amend their complaint but chose not to do so. Id. at 1358–59. As a result, this Court said the requirements of Vibe Micro would have been satisfied, and the district court could have dismissed the plaintiffs' complaint with prejudice. Id. at 1359.

Like in Jackson, the principles of Vibe Micro have been satisfied on this record. McDonough received notice of his complaint's defects through the defendants' motions to dismiss in McDonough I and acknowledged those defects by failing to oppose defendants' motions to dismiss in that case. See id. at 1358–59. Further, after the defendants moved to dismiss his complaint in McDonough I, McDonough filed a motion for leave to amend his complaint. The magistrate

judge granted that motion, giving McDonough an opportunity to fix his complaint's shotgun pleading problems.  But McDonough failed to act on that opportunity because he did not file an amended complaint at all, and the district court then dismissed his complaint without prejudice as a result.

Thus, when McDonough refiled his lawsuit, it was his second chance to file a permissible, amended complaint.  See id. at 1358 ("A chance to amend a complaint [may] come in the form of a dismissal without prejudice").  He clearly did not, as evidenced by the fact that he admits on appeal his complaint was a shotgun pleading.  As a result, we cannot say the district court abused its discretion when it dismissed McDonough's complaint with prejudice in this case.  See Vibe Micro, 878 F.3d at 1296 (stating that "after that one opportunity to replead comes and goes . . . the district court [may] dismiss with prejudice if the party has still neither filed a compliant pleading nor asked for leave to amend" (citations omitted)).

McDonough also argues on appeal that the district court abused its discretion when it denied his Rule 59 and 60 motions because dismissing his complaint with prejudice was error.  Because we hold the district court did not err in dismissing his complaint with prejudice, we also affirm the denial of his Rule 59 and Rule 60 motions.

**AFFIRMED.**