[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10499
Non-Argument Calendar

_____

D.C. Docket No. 4:17-cv-00502-WS-CAS

ADA ALBORS GONZALEZ,

Plaintiff-Appellant,

versus

FEDERAL NATIONAL MORTGAGE ASSOCIATION,
CORPORATION ORGANIZED AND EXHISTING UNDER
THE LAWS OF THE UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 29, 2020)

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.


PER CURIAM:


Plaintiff Ada Albors Gonzalez, proceeding pro se,[1] appeals the district court's denial of her Fed. R. Civ. P. 60(b) motion for relief.  No reversible error has been shown; we affirm.

Plaintiff filed in state court this civil action against Federal National Mortgage Association ("Fannie Mae"), challenging the already ongoing state-court foreclosure proceedings on Plaintiff's home in Winter Park, Florida.  Fannie Mae removed this case to federal district court based on diversity jurisdiction and moved to dismiss Plaintiff's complaint.

Because the separate state-court foreclosure proceedings were still underway when this civil action was filed, the district court determined that it should abstain from consideration of Plaintiff's claims here, pursuant to the Colorado River[2] abstention doctrine.  On 5 June 2018, the district court granted Fannie Mae's

---

[1] We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

2

motion to dismiss: in reality, not dismissing -- but staying this case -- pending resolution of the earlier-filed and related state-court foreclosure proceedings.[3] Plaintiff filed no appeal to the district court's 5 June order.[4]

In December 2018, Plaintiff filed pro se a motion for relief -- pursuant to Rule 60(b) -- from "all voidable and or void orders." In pertinent part, Plaintiff asserted that the district court's orders removing Plaintiff's case to federal court and staying Plaintiff's case were "void" or "voidable" based on Fannie Mae's purported fraud on the court and the district court's lack of jurisdiction. The district court denied Plaintiff's Rule 60(b) motion.

Briefly stated, Plaintiff asserts on appeal that she is entitled to relief under Rule 60(b) because Fannie Mae purportedly lied to the district court to invoke improperly federal subject matter jurisdiction. Plaintiff also contends that the district court violated her due process rights by not conducting an evidentiary hearing on Plaintiff's Rule 60(b) motion.

---

[3] We have said that "a stay, not a dismissal, is the proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the Colorado River doctrine.'" Moorer v. Demopolis Waterworks & Sewer Bd., 374 F.3d 994, 998 (11th Cir. 2004).

[4] The district court's 5 June order constituted a final and appealable order. See Ambrosia Coal & Constr. Co. v. Morales, 368 F.3d 1320, 1327 n.15 (11th Cir. 2004) ("Abstention orders staying litigation under the Colorado River doctrine are final and, therefore, appealable under 28 U.S.C. § 1291.").

3

The scope of our review on appeal is limited to addressing "the propriety of the denial or grant of relief" under Rule 60(b): we will not consider the underlying judgment. Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999).

We review for abuse of discretion the district court's denial of a motion for relief under Rule 60(b)(3). Stansell v. Revolutionary Armed Forces of Colom., 771 F.3d 713, 734 (11th Cir. 2014). To obtain relief under Rule 60(b)(3), the moving party must prove, "by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007). The moving party must also show that the opposing party's misconduct prevented her from fully and fairly presenting her case. Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000).

We review de novo a district court's denial of a motion under Rule 60(b)(4) to set aside a judgment for voidness. Stansell, 771 F.3d at 736. Rule 60(b)4) is no substitute for a timely appeal: the Rule "applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).

4

Under Rule 60(b)(6) -- the "catchall provision" -- a court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). We have said that Rule 60(b)(6) relief "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). A party seeking relief under Rule 60(b)(6) "has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." Id.

The district court committed no error in denying Plaintiff's Rule 60(b) motion. For purposes of determining diversity jurisdiction, Fannie Mae is designated by statute as a citizen of the District of Columbia. See 12 U.S.C. § 1717(a)(2)(B). Accordingly, Plaintiff cannot show by clear and convincing evidence that Fannie Mae mispresented fraudulently law or facts about its citizenship. Plaintiff has thus shown no grounds for relief under Rule 60(b)(3).

Plaintiff has also failed to show either an underlying jurisdictional error or a due process violation that would warrant relief under Rule 60(b)(4). This Court has already concluded -- based in part on a notarized statement from Plaintiff establishing Plaintiff's Florida citizenship -- that complete diversity of citizenship existed between the parties at the time of removal. Because Plaintiff's allegations also satisfy the amount-in-controversy requirement, federal diversity jurisdiction

5

existed when Plaintiff's case was removed to the district court.  See 28 U.S.C. §

1332; MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).

Nor were the district court's orders void for lack of personal jurisdiction.  A

district court has power to exercise personal jurisdiction over a defendant if, among

other things, the defendant waives its objection to service of process.  In re

Worldwide Web Sys., Inc., 328 F.3d 1291, 1299 (11th Cir. 2003).  Because Fannie

Mae raised no objection to personal jurisdiction in the district court, that objection

was waived; and the district court exercised properly personal jurisdiction over

Fannie Mae.

Plaintiff's due process argument is also without merit.  The district court

need not conduct an evidentiary hearing on a Rule 60(b) motion unless a hearing is

necessary to aid the district court's analysis.  See Cano v. Baker, 435 F.3d 1337,

1342-43 (11th Cir. 2006).  Given the record in this case, we cannot say that a

hearing was necessary for the proper consideration and adjudication of Plaintiff's

motion.  Moreover, Plaintiff was permitted to present arguments in support of her

motion, received actual notice of the magistrate judge's recommendation, and filed

timely objections to that recommendation, which were considered by the district

court before the district court ruled on Plaintiff's motion.  See United Student Aid

Funds, Inc., 559 U.S. at 272 ("Due process requires notice reasonably calculated,

6

under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (quotations omitted)).

Plaintiff has failed to demonstrate that she is entitled to relief under either Rule 60(b)(3) or (b)(4).  Nor has Plaintiff shown "exceptional circumstances" that would compel relief under Rule 60(b)(6).  We affirm the district court's denial of Plaintiff's Rule 60(b) motion for relief.

AFFIRMED.