[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11376
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cv-14244-JEM

PAMELA B. STUART,

Plaintiff–Appellant,

versus

DR. CATHERINE S. RYAN,
DEBORAH A. STUART, et al.,

Defendants–Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 10, 2020)

Before BRANCH, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Pamela Stuart appeals the district court's dismissal of her 42 U.S.C. § 1983 action against her sisters, Catherine Ryan and Deborah Stuart; the Tennis Townhomes Condominium Association ("TTCA"); the Clerk of the Circuit Court for Indian River County, Florida, Jeffrey Smith; and the State of Florida for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Stuart raises three issues on appeal. First, Stuart argues that the district court erred in dismissing her complaint with prejudice without finding that she had engaged in delay or willful conduct and that lesser sanctions were inadequate. Second, she argues that the district court erred and deprived her of her right to access the courts when it dismissed her judicial-taking claims because the claims were legitimate. Third, Stuart argues that the magistrate judge deprived her of the equal protection of the law by denying her motion for permission to file documents electronically.

After careful review of the record, and for the reasons set forth below, we affirm in part, vacate in part, and remand in part. We address, in turn, each of Stuart's three arguments.

## I.

We first address Stuart's argument that the district court should not have dismissed her complaint with prejudice, as a sanction for delay or willful

misconduct.  The short answer to this argument is that the district court did not dismiss her claims as a sanction for delay or willful misconduct.  In dismissing Stuart's claims with prejudice, the district court adopted the report and recommendation of the magistrate judge.  The R&R explained, in detail, why the district court did not have jurisdiction to hear Stuart's claims, and ultimately recommended that the dismissal be with prejudice because "the Complaint suffers from fundamental defects that granting leave to amend will not cure," because any amendments would be futile.  Doc. 62 at 58–59.  The district court adopted this recommendation in full in its opinion, and added several pages that detailed Stuart's non-compliance with district court orders and local rules.  This non-compliance caused the district court to deny Stuart's motion for a second extension of time to file objections to the magistrate judge's report and recommendation, but was not the basis for the district court's rejection of Stuart's substantive claims.

## II.

Turning to Stuart's second argument on appeal—that the district court erred in dismissing her judicial-takings claims[1]—the district court dismissed her claim

---

[1] Stuart raises two additional arguments here.  First, she argues that the district court deprived her of her right to access the courts by dismissing her claims.  We reject this argument outright.  The district court did not deprive her of her right to access the courts because she had a meaningful opportunity to be heard.  The Due Process Clause of the Constitution requires that litigants be given a meaningful opportunity to be heard.  *Boddie v. Connecticut*, 401 U.S. 371, 377 (1971).  This does not mean, however, that a hearing on the merits is always required.  *Id.* at 378.  Instead, the Constitution merely requires a hearing that is "appropriate to the nature of the case."  *Id.* (quotation omitted).

3

regarding her interest in her parents' estate for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine,[2] and abstained from considering her claim with respect to the foreclosure of her Florida home pursuant to *Colorado River* abstention.[3]  We review *de novo* a district court's dismissal of a complaint for lack of subject matter jurisdiction.  *Center v. Sec'y, Dep't of Homeland Sec.*, 895 F.3d 1295, 1299 (11th Cir. 2018).  We also review a district court's dismissal for failure to state a claim upon which relief can be granted *de novo*.  *Behrens v. Regier*, 422 F.3d 1255, 1259 (11th Cir. 2005).

Under the *Rooker-Feldman* doctrine, district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

---

Second, Stuart argues that the district court erred by failing to *sua sponte* grant her leave to amend her complaint before dismissing it with prejudice.  A district court is generally required to grant a *pro se* plaintiff leave to amend her complaint *sua sponte* before dismissing the complaint with prejudice, unless the plaintiff clearly indicates that she does not wish to amend the complaint or amendment would be futile.  *Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018).  However, where a counseled plaintiff fails to ask the district court for leave to amend, the court is not required to grant such leave *sua sponte* before dismissing the complaint with prejudice.  *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  Because Stuart is an attorney—and therefore not a usual *pro se* plaintiff— the district court did not err by not *sua sponte* granting her leave to amend her complaint.  *Pro se* litigants who are licensed attorneys do not enjoy the liberal rules applicable to ordinary *pro se* parties.  *Hornsby-Culpepper v. Ware*, 906 F.3d 1302, 1306 n.1 (11th Cir. 2018).

[2] *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[3] *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

commenced and inviting district court review and rejection of those judgments."

*Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1072 (11th Cir. 2013) (quotation

omitted). For *Rooker-Feldman* purposes, state-court proceedings have not ended

where an appeal from the state-court judgment is pending when the plaintiff

commences the federal court action that complains of injuries caused by the

state-court judgment. *Nicholson v. Shafe*, 558 F.3d 1266, 1279 (11th Cir. 2009).

The *Rooker-Feldman* doctrine does not bar jurisdiction where the issue raised

could not have reasonably figured into the state court's decision or if the plaintiff

did not have a reasonable opportunity to raise the issue in the state case. *Target*

*Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1286-87 (11th Cir. 2018).

*Colorado River* abstention may apply when there are parallel federal and

state proceedings that involve substantially the same parties and issues.

*Jackson-Platts*, 727 F.3d at 1140. We have determined that the following six

factors are relevant to the determination of whether *Colorado River* abstention is

appropriate: (1) the order in which the courts assumed jurisdiction over the

property, (2) the inconvenience of the federal forum, (3) the potential for

piecemeal litigation, (4) the order in which the fora obtained jurisdiction and the

relative progress of the two actions, (5) whether state or federal law will be

applied, and (6) the adequacy of the state court to protect the parties' rights. *Id.* at

1141. *Colorado River* abstention is not jurisdictional. *See Ambrosia Coal &*

5

*Constr. Co. v. Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004) ("*Colorado River* addresses the circumstances in which federal courts should *abstain from exercising their jurisdiction* because a parallel lawsuit is proceeding in one or more state courts." (emphasis added)); *see also Cty. of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959) (describing abstention as a "narrow exception to the duty of a District Court to adjudicate a controversy properly before it"). When *Colorado River* abstention is appropriate, the district court, rather than dismissing the action, should enter a stay. *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004). We review a district court's decision to abstain from exercising jurisdiction pursuant to *Colorado River* for abuse of discretion. *Jackson-Platts v. GE Capital Corp.*, 727 F.3d 1127, 1133 (11th Cir. 2013).

State and federal courts have concurrent jurisdiction over § 1983 claims. *Martinez v. California*, 444 U.S. 277, 283, 283 n.7 (1980).

## A.

Here, we conclude that the district court properly dismissed the claim regarding Stuart's interest in her parents' estate for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Stuart was a state-court loser with respect to the proceedings regarding the estate property, *i.e.*, the trust case, because the state court ordered her to pay a debt to her sisters and placed a

6

lien on her interest in the property.  In addition, Stuart's claim regarding the trust case complained of an injury caused by the state court's judgment, as she contended that the judgment unconstitutionally deprived her of her interest in her parents' estate.  Furthermore, in asserting her claim regarding the estate property, Stuart was inviting the district court to review and reject the state court's judgment in the trust case because she sought an order vacating the judgment and restoring her interest in the estate property.  Moreover, the trust case had already concluded by the time Stuart filed her complaint on June 26, 2018, as the Florida Supreme Court denied *certiorari* with respect to the state court's judgment on April 9, 2018. Finally, there was nothing preventing Stuart from raising her judicial-taking claim regarding the estate property in state court because state courts have concurrent jurisdiction over § 1983 claims.  *See Martinez*, 444 U.S. at 283, 283 n.7; *Target Media Partners*, 881 F.3d at 1286–87.  Thus, pursuant to *Rooker-Feldman*, the district court correctly concluded that it lacked jurisdiction over Stuart's claim regarding the estate property because she was a state-court loser complaining of an injury caused by a state-court judgment that was rendered before she filed her federal complaint and inviting rejection of that judgment.  *See Lozman*, 713 F.3d at 1072.

However, we conclude that the district court erred in dismissing Stuart's complaint with prejudice because dismissal without prejudice is the appropriate

7

remedy when a district court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine. Accordingly, we vacate the district court's dismissal with prejudice and remand with instructions to enter an order dismissing with prejudice the claims as to Smith because he is immune from suit, which Stuart has not challenged on appeal; dismissing without prejudice Stuart's claim regarding the estate property for lack of subject matter jurisdiction.

## B.

We conclude that the district court properly abstained from considering the claim regarding her Florida home pursuant to *Colorado River*. We note that *Rooker-Feldman* did not bar Stuart's judicial-taking claim regarding her Florida home. Stuart was a state-court loser with respect to the proceedings regarding her home, *i.e.*, the foreclosure action, because the state court ordered that the home be sold to satisfy her debts to her sisters and the TTCA. In addition, Stuart's claim regarding the foreclosure complained of an injury caused by the state court's judgment, as she asserted that the foreclosure order unconstitutionally deprived her of her home. Moreover, in asserting her claim regarding her home, Stuart invited the district court to review and reject the state court's judgment because she sought an order vacating the foreclosure and restoring her home to her. Nevertheless, the record indicates that the foreclosure action had not yet concluded when Stuart filed her federal complaint on June 26, 2018, because she stated that she appealed the

8

foreclosure order on June 25, 2018.  Accordingly, *Rooker-Feldman* did not bar

Stuart's judicial-taking claim regarding her home because the state court

proceedings still were ongoing.  *See Nicholson*, 558 F.3d at 1279.

Although the *Rooker-Feldman* doctrine did not bar Stuart's judicial-taking

claim regarding her Florida home, the district court did not abuse its discretion in

adopting the magistrate judge's conclusion that *Colorado River* abstention was

appropriate because the relevant factors weighed in favor of abstention.  The first

factor, the order in which the courts assumed jurisdiction over the property,

weighed in favor of abstention because the state court had already exercised

jurisdiction over the action regarding Stuart's home by the time she filed her

federal complaint.  The second factor, the convenience of the federal forum, was

neutral because the record below did not indicate whether federal court was an

inconvenient forum.  The third factor, the potential for piecemeal litigation,

weighed in favor of abstention because Stuart's federal complaint made piecemeal

litigation likely, as she was pursuing an appeal of the foreclosure order in state

court when she filed the complaint.  The fourth factor, the order in which

jurisdiction was obtained and the relative progress of the two actions, also weighed

in favor of abstention because the state court obtained jurisdiction before the

district court and had already entered a judgment when Stuart filed her federal

complaint.  In addition, the fifth factor, whether state or federal law will be

applied, weighed in favor of abstention because, although Stuart styled her complaint as a federal takings action, her claim was based on her contention that the TTCA instituted foreclosure proceedings in violation of state law. Finally, the sixth factor—whether the state court will adequately protect the rights of all parties—was neutral at best because the record below did not indicate whether the state court could adequately protect the parties' rights. In fact, this factor probably weighs in favor of abstention because of the presumption of regularity and our knowledge that Florida foreclosure procedures adequately protect the rights of all parties. Thus, the relevant factors weighed in favor of *Colorado River* abstention, and the district court, therefore, did not err in adopting the magistrate judge's conclusion that such abstention was appropriate as to Stuart's judicial-taking claim regarding her home. *See Jackson-Platts*, 727 F.3d at 1141.

However, we also conclude here that the district court erred in dismissing Stuart's complaint with prejudice because a stay is the appropriate remedy when *Colorado River* abstention is warranted. Accordingly, we vacate the district court's dismissal of this claim with prejudice and remand with instructions to enter an order staying her claim regarding her home until the state proceedings conclude.

**III.**

Finally, we address Stuart's argument that the district court deprived her of the equal protection of the law by denying her motion for permission to file

10

documents electronically.  When a magistrate judge issues an order on a non-dispositive matter, the parties have 14 days to file any objections to that order. Fed. R. Civ. P. 72(a).  When a party fails to timely object to a magistrate judge's non-dispositive order in the district court, she waives the right to challenge that order on appeal.  *Smith v. Sch. Bd.*, 487 F.3d 1361, 1365 (11th Cir. 2007).

Here, Stuart failed to timely object to the order in the district court. Accordingly, we conclude that Stuart has waived the right to challenge the magistrate judge's order denying her motion for permission to file electronically.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**